**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Youso and Michelle Youso, | No. CV-11-8057-PCT-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| Pharmacists Mutual Insurance Company, | |
| Defendant. | |

Before the Court is Plaintiffs' Motion for New Trial (Doc. 53) under Fed. R. Civ. P. 59.

**I.   LEGAL STANDARD**

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* "Reconsideration under Rule 59(e) is appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010). "Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a

verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

## II. ANALYSIS

Plaintiffs contend that the Order (Doc. 46) granting Defendants summary judgment included three errors: (1) reliance on evidence held to be inadmissible hearsay and other evidence for which foundation objections were overruled; (2) determining that issues regarding Coverage C (personal property) could be decided as a matter of law despite disputed facts; and (3) misinterpreting the application of Coverage B (related structure). Plaintiffs do not contend that reconsideration is justified because of newly discovered evidence or an intervening change in controlling law.

The Order sustained hearsay objections to specific paragraphs of Defendant's separate statement of facts "to the extent that the paragraphs assert the truth of statements made within correspondence attached as Exhibits 11 and 12 to the Declaration of Kirk Benson (Doc. 38)," but found admissible "Mr. Benson's declaration asserting that he received the attached correspondence, including specific bids for repairing Plaintiffs' residence." Mr. Benson's declaration stated that he had determined that the policy would provide coverage for loss to Plaintiffs' residence, including debris removal, of $400,339.95. The declaration also stated that Exhibit 11 was a true and correct copy of correspondence from Bruce Thomson of Frontier Adjusters. Mr. Benson received Mr. Thomson's correspondence and the enclosed letter from Bob Brown of R.M.B. Inc., dba Apple Construction Company, agreeing to do the repair work for $400,339.95. The relevancy of the bid is the fact it was made in the stated amount within policy limits. The substance of the bid was not hearsay. The fact and the good faith of the bid are undisputed.

Regarding Coverage C (personal property), the Court did not misunderstand that Defendant paid Plaintiffs $132,181.32 based on an incomplete personal property inventory they submitted to Defendant. The Complaint alleges that Defendant breached

its contract and acted in bad faith by failing to timely and reasonably compensate Plaintiffs for their personal property losses, but Plaintiffs did not submit to Defendant a complete inventory of personal property for which they sought compensation until a year after initiating this lawsuit. Defendant could not have breached its contract and acted in bad faith by failing to timely and reasonably compensate Plaintiffs as alleged in the Complaint if Plaintiffs had not yet submitted to Defendant a complete inventory. Further, it is irrelevant that Defendant knew that Plaintiffs believed they were entitled to more than $132,181.32 if Plaintiffs did not provide Defendant with a personal property inventory showing a loss greater than $132,181.32. Therefore, the Court did not err by finding that Plaintiffs had submitted no evidence to the Court that they were entitled to more compensation than what they were paid for loss of personal property.

Regarding Coverage B (related structures), Plaintiffs contend that Coverage B adds 10% to the Coverage A limit when the replacement cost of any damaged related private structures is less than $1,000, and because no related structures were damaged, the Coverage A limit should have been increased by 10%. Although the Coverage B limit is initially established as 10% of the Coverage A limit before periodic adjustments, the relevant policy endorsement, which is titled "Increased Coverage A Limit," does not mention 10% or damage. Rather, it states that when the combined replacement cost of all detached related private structures is less than $1,000, the amount of the Coverage B limit will be added to the Coverage A limit. In other words, even though the insured was required to pay for coverage for related structures, if there were no related structures or the existing related structures could be replaced for less than $1,000, the coverage for related structures, which would be essentially useless, would be added to the coverage for the residence. But Defendant denied the "increased Coverage A limit" because Mr. Benson opined that the detached stone retaining wall had a replacement value exceeding $1,000. Plaintiffs did not offer evidence on summary judgment to dispute that opinion. Therefore, the Coverage A limit was not increased, and there was no basis for any

compensation under Coverage B because the retaining wall was not in need of repair or replacement.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for New Trial (Doc. 53) is denied.

Dated this 8th day of April, 2013.

_____
Neil V. Wake
United States District Judge

- 4 -